UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GEORGINE SCOTT-CODIGA, | ) | Case No.: 10-CV-05450-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART MOTIONS TO |
| v. | ) | DISMISS |
| | ) | |
| COUNTY OF MONTEREY; MONTEREY | ) | |
| SHERIFF'S DEPARTMENT; SHERIFF MIKE | ) | |
| KANALAKIS; JERRY TEETER; VICTOR | ) | |
| LURZ; COMMANDER MIKE RICHARDS; | ) | |
| SGT JOE MOSES; and GILBERT AGUILAR | ) | |
| and DOES 1 through 50, inclusive; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now before the Court are Defendant Mike Kanalakis's motion to dismiss ("Kanalakis's

Mot."), ECF No. 30, and Defendants County of Monterey ("County"), Monterey Sheriff's

Department ("Sheriff's Department"), Jerry Teeter, Victor Lurz, Commander Mike Richards, Sgt.

Joe Moses, and Gilbert Aguilar's (collectively, "Other Defendants") motion to dismiss, or, in the

alternative, motion for a more definite statement ("Other Defs.' Mot."). ECF No. 27. After

considering Defendants' motions; Plaintiff's oppositions to the motions, ECF Nos. 34 ("Pl.'s

Opp'n to Kanalakis's Mot.") and 35 ("Pl.'s Opp'n to Other Defs.' Mot."); Defendants' replies,

ECF Nos. 36 ("Other Defs.' Reply") and 38 ("Kanalakis's Reply"); and hearing oral argument, the

Court hereby GRANTS in part and DENIES in part the motions to dismiss.

## I. Factual Background

Because these are motions to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to [Plaintiff]." *Facebook, Inc. v. MaxBounty, Inc.*, 274 F.R.D. 279, 282 (N.D. Cal. 2011) (citing *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996)).

In her first amended complaint ("FAC"), Plaintiff Ms. Scott-Codiga, a forensic evidence technician in the Sheriff's Department of the County of Monterey, alleges that Defendants retaliated against her for engaging in protected activity and speech and that Defendants discriminated against her based on her gender and on her union and political activities. FAC ¶¶ 2, 7.

### A. Gender Discrimination

Plaintiff alleges she was discriminated against on the basis of gender. *Id.* ¶ 17. She alleges that despite "performing her job duties at an exceptional, high level," she was retaliated against for reporting the wrongdoings of her supervisors, by receiving treatment different than her male co-workers. *Id.* At the same time that Plaintiff's male-coworkers were "allowed time off to attend a golf tournament and other functions," Plaintiff was not "allowed to take time off work to attend a training class for Forensic Evidence Techs." *Id.* Plaintiff further claims that she was made to work the Christmas Holiday two years in a row, subjected to an unfair Internal Affairs Investigation, and suspended from work for three weeks without pay, whereas similarly situated male co-workers were not. *Id.*

### B. Political Activity

Plaintiff alleges that Sheriff Mike Kanalakis retaliated against Plaintiff for openly supporting his opponent in the election for county sheriff. *Id.* ¶ 23. Plaintiff alleges that on March 23, 2010, after work hours, she attended a "Candidate Forum" where Defendant Kanalakis was present, and that the following day, at work, she was confronted and intimidated by Mr. Lurz. *Id.* ¶ 23.

### C. Whistleblowing

Case No.: 10-CV-05450-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff alleges that she reported various unlawful activities occurring at the crime lab to government agencies including, but not limited to, the District Attorney for the County of Monterey, County Supervisor Jane Parker, and the Sheriff. *Id.* ¶ 15. Although the dates are not clear, Plaintiff alleges that she made such reports on or around April 1, 2010, July 21, 2010, August 10, 2010, and September 21, 2010. *Id.* ¶¶ 15, 21.

Plaintiff alleges that on April 1, 2010, she met with Deputy District Attorneys Berkly Brannon and Terry Spitz. *Id.* ¶ 18. Although the subject of the meeting is not clear, read in the light most favorable to Plaintiff, it appears that this was one of the instances in which Plaintiff reported unlawful activity to a government agency. *See id.* ¶ 15.

Plaintiff alleges that on August 10, 2010, she complained to the Sheriff about various violations of law, as well as rules and regulations pertaining to the destruction of evidence in the crime lab. *Id.* ¶ 15. Plaintiff allegedly complained that the Sheriff's department managers were not making the required disclosures to the District Attorney's Office, nor making any reports documenting the destruction of evidence and the failure to follow the chain of evidence. *Id.* She further complained of improper storage of evidence, erroneous fingerprint I.D., and violation of various County policies pertaining to the standard of practice in the crime lab. *Id.*

On September 21, 2010, Plaintiff allegedly "provided a memorandum to the Sheriff's Department, documenting the numerous attempts she had made to report serious incidents of misconduct." *Id.* ¶ 24. After receiving no response from the Sheriff's Department, Plaintiff allegedly made the memo available to another governmental agency, the Monterey County Board of Supervisors. *Id.* ¶ 27.

### D. Retaliation

Plaintiff claims that after she engaged in the above protected activity, Defendants discriminated and retaliated against her as follows: (1) subjecting her to an unfair Internal Affairs Investigation that resulted in suspension of three weeks without pay; (2) subjecting her to ongoing harassment and retaliation in the office; and (3) terminating Plaintiff from her position as Forensic Evidence Technician. *Id.* ¶¶ 16, 25. The harassment and retaliation allegedly includes: "excessive

3

emails;" property being "taken off her desk;" ostracism; and an ambush interrogation by an outside attorney." *Id.* ¶ 16.

Plaintiff acknowledges that she violated the County's policy prohibiting unnatural hair color when she had "a purple streak put in her hair by her hairdresser" on March 31, 2010. *Id.* ¶ 18. On April 16, 2010, Commander Teeter admonished Plaintiff that she was violating County policy number 10 and ordered her to remove the streak on April 26, 2010. *Id.* ¶ 19. Plaintiff alleges that she was unable to make an appointment with her hairdresser and instead went to work on April 26, 2010, "with her hair pinned back, thoroughly covering up the one-quarter-inch . . . purple streak." *Id.* The next day, April 27, 2010, Commander Teeter, accompanied by Plaintiff's SEIU union representative, went to Plaintiff's office, gave her a copy of the grooming standard policy, and ordered to remove the purple from her hair "by tomorrow." *Id.* By April 28, 2010, Plaintiff removed the purple from hair, and upon inspection, Commander Teeter agreed that she had done so. *Id.*

The next day, however, Commander Teeter ordered Plaintiff to return from responding to a crime scene and report to him. *Id.* ¶ 20. Commander Teeter ordered Plaintiff to "take a barrette out of her hair and comb through her hair. He then accused her of still having purple hair and suspended her on the spot, ordering her to go home. He demanded and confiscated the keys to her assigned vehicle and to the building, and then escorted her off the premises, humiliating her in front of co-workers and bystanders." *Id.*

On May 6, 2010, Plaintiff received a memo from Management and Commander Teeter informing her that she was under an Internal Affairs Investigation alleging that she was insubordinate and in violation of the department's grooming standards. *Id.* ¶ 21. Defendants allegedly admit that similarly situated individuals receive milder discipline for violations of the grooming standards. *Id.* Commander Teeter gave Plaintiff a "Notice of Intent to take Punitive Action" on July 9, 2010, informed Plaintiff of her three-week suspension without pay on August 13, 2010, and sent Plaintiff an email ordering her not to speak to the media regarding issues pertaining to Forensic Sciences. *Id.* ¶ 22.

Case No.: 10-CV-05450-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Plaintiff alleges that Ms. Hennessey, a journalist, "investigated the crime lab and wrote a

2  story about some of the issues raised by Ms. Scott-Codiga," *Id.* ¶ 29, including Plaintiff's meeting

3  with the district attorneys on April 1, 2010.  *Id.* ¶ 18.  Plaintiff alleges that Sgt. Moses, Gilbert

4  Aguilar, and Victor Lurz falsely stated on November 15, November 18, and November 18, 2010,

5  respectively, that Ms. Hennesy had received Plaintiff's memo disclosing unlawful activity at the

6  crime lab.  *Id.* ¶ 30.

7    On or around December 14, 2010, Plaintiff received notice that she was being terminated

8  from her position as Forensic Evidence Technician for the Monterey County Sheriff's Office,

9  allegedly in "direct retaliation . . . for engaging in activity protected by the First Amendment of the

10  U.S. Constitution and protected under California Labor Code Sections 1101-1102.5."  *Id.* ¶ 25.

11  Plaintiff alleges that the primary justification provided by the Sheriff's Department for her

12  termination was reporting unlawful activity.  *Id.* ¶¶ 26-27.

13    Plaintiff filed her original complaint on December 1, 2010.  ECF No. 1.  Plaintiff amended

14  her complaint on May 6, 2011, ECF No. 18, and, based on the above allegations, asserts the

15  following claims under federal and California law: (1) retaliation under Title VII and the California

16  Fair Employment and Housing Act ("FEHA") against the County and Sheriff Department; (2)

17  retaliation under 42 U.S.C. § 1983 against all Defendants; (3) disparate treatment discrimination

18  under Title VII and FEHA against the County and Sheriff Department; (4) failure to prevent

19  discrimination/retaliation under Cal. Gov't Code § 12940(K) against County and Sheriff

20  Department; (5) invasion of privacy against all Defendants; (6) retaliation under Cal. Lab. Code §

21  1102.5 against all Defendants; (7) retaliation under Cal. Lab. Code §§ 1101, 1002, against all

22  Defendants; (8) intentional infliction of emotional distress against all Defendants; (9) violation of

23  42 U.S.C. § 1985 against Victor Lurz, Commander Mike Richards, Sgt. Joe Moses and Gilbert

24  Aguilar; and (10) violation of 42 U.S.C. § 1986 against Victor Lurz, Commander Mike Richards,

25  Sgt. Joe Moses, and Gilbert Aguilar.  FAC ¶¶ 10-21.

26    Defendant Mike Kanalakis moved to dismiss Plaintiff's second and fifth through eighth

27  claims under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 30.  The Other Defendants

28  moved to dismiss Plaintiff's second and fifth through tenth claims under Federal Rule of Civil

5

Procedure 12(b)(6), or, in the alternative, for a more definite statement under Rule 12(e).  ECF No. 27.

## II.  Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to '"state a claim to relief that is plausible on its face."'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.  If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III.  Discussion

As an initial matter, the Court notes that neither Defendant Kanalakis nor the Other Defendants argue for the dismissal of claims one, three, or four of the FAC, for disparate treatment and retaliation under Title VII and FEHA and failure to prevent discrimination or retaliation under Cal. Gov't Code § 12940(k).  Additionally, the Other Defendants do not request a more definite statement regarding these claims.  Therefore, these claims are not dismissed nor does the Court order Plaintiff to provide a more definite statement, even though the claims might benefit from some clarification.  Accordingly, to the extent the Other Defendants' motion is styled as a motion to dismiss the entire FAC, it is DENIED with regard to claims one, three, and four.

The Court considers Defendants' motions to dismiss Plaintiff's other claims in turn.

**United States District Court**
For the Northern District of California

6

**A.  Plaintiff's Second Claim: Retaliation Under 42 U.S.C. § 1983**

Plaintiff alleges that all Defendants violated 42 U.S.C. § 1983 by retaliating against her for exercising her First Amendment rights to free speech and to petition the government for redress of grievances.  FAC ¶¶ 40-41.

More specifically, Plaintiff alleges that in retaliation for Plaintiff's complaints to government agencies concerning forensic laboratory testing and maintaining chain of custody of evidence, "Mike Kanalakis, Jerry Teeter, and Victor Lurz participated in suspending Ms. Scott-Codiga" for three weeks without pay for violating the Department's grooming policy, "knowing she was unaware of the policy prohibiting unnatural color in an employee's hair."  *Id.* ¶¶ 40-41. Further, Plaintiff alleges that Defendants Kanalakis and Richards retaliated against Plaintiff for engaging in protected activity by terminating her from employment.  *Id.* ¶ 42.

To state a claim of retaliation under Section 1983, a Plaintiff must allege: "(1) that his conduct was protected by the Constitution; and (2) that the protected conduct 'was a substantial or motivating factor in any retaliatory acts taken by' the state actor Defendants."  *Pankey v. City of Concord*, 6-CV-03737-JCS, 2008 WL 793873, at * 9 (N.D. Cal. Mar. 24, 2008) (citing *Berry v. Atkins*, 93-CV-20473-WAI, 1995 WL 691869, at *3 (N.D. Cal. Nov.15, 1995)).

A government employee's engagement in various activity protected by the First Amendment can form the basis for a retaliation claim under Section 1983.  The exercise of the freedom of speech can form the basis if a Plaintiff employed by a public entity shows: (1) she spoke on a matter of public concern; and (2) she spoke as a private citizen as opposed to as a public employee.  *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).  A government employee's exercise of the First Amendment right to petition the government for redress can also form the basis for a retaliation claim under Section 1983.  *Pankey,* 2008 WL 793873, at * 9 (citing *Sorranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989); *Cal. Motor Transp. Co. v. Trucking Unltd.*, 404 U.S. 508, 510 (1972)).  Finally, a government employee's exercise of the right to "support a candidate opposing an elected official" can form the basis of a 1983 claim, so long as the government employee does not work in a policymaking capacity.  *See Bardzik v.*

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    *County of Orange*, 635 F.3d 1138, 1144 (9th Cir. 2011) (citing *Branti v. Finkel*, 445 U.S. 513–17

2    (1980)).

3         Here, Plaintiff has alleged she engaged in activity protected by the First Amendment.  First,

4    Plaintiff alleges that on March 23, 2010, she attended a candidate forum where Mr. Kanalakis was

5    present and openly supported Mr. Kanalakis's opponent in the election for county sheriff.  FAC ¶

6    23.  Second, on April 1, 2010, she allegedly met with Deputy District Attorneys Berkly Brannon

7    and Terry Spitz to report violations in the crime lab.  *See id.* ¶ 18; Pl.'s Opp'n Other Defs.' Mot. 6.

8    Third, on August 10, 2010, she allegedly complained to the sheriff about these violations.  FAC ¶

9    15.  Finally, on or around September 21, 2010, Plaintiff provided the Sheriff's Department a

10   memorandum she wrote, outlining these violations, which she subsequently made available to the

11   Monterey County Board of Supervisors.  FAC ¶ 24.

12              1.   Defendant Kanalakis

13        Defendant Kanalakis argues that Plaintiff has failed to allege sufficient facts showing that

14   Defendant Kanalakis was personally involved in retaliating against her for engaging in protected

15   activity.  Kanalakis Mot. 5 (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

16   The Court disagrees.  Plaintiff has alleged that Defendant Kanalakis personally participated in

17   suspending Plaintiff, FAC ¶ 41, and in terminating her from employment.  FAC ¶ 42.

18        Although Defendant Kanalakis concedes Plaintiff spoke out on a matter of public concern,

19   Defendant Kanalakis argues that Plaintiff fails to state a First Amendment retaliation claim because

20   she spoke out as a public employee, pursuant to her official duties, rather than as a private citizen.

21   Kanalakis Mot. 7 (citing *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009); *Marable v.*

22   *Nitchman*, 511 F.3d 924, 929 (9th Cir. 2007); *Posey v. Leake Pend Oreille Sch. Dist. No. 84*, 546

23   F.3d 1121, 1227 (9th Cir. 2008)).

24        "On the face of the complaint, there are insufficient facts to ascertain the scope of

25   [Plaintiff's] official duties as [a Forensic Evidence Technician] and whether [she] made the various

26   statements in [her] capacity as private citizens or public employees under [*Garcetti v. Ceballos*,

27   547 U.S. 410 (2006)].  To satisfy this step of the inquiry against a motion to dismiss, [Plaintiff]

28   would have to plead the official responsibilities of [a Forensic Evidence Technician] and identify

8

1     the speech that [she] made in [her] capacit[y] as [a] private citizen[] (i.e., outside [her] official

2     duties)." *Couch v. Cate*, 379 F. App'x 560, 562-563, 2010 WL 1936277, at *1 (9th Cir. 2010).

3     Moreover, clarifying Plaintiff's duties, and whether or not she was a policymaker, will allow the

4     Court to determine whether retaliation for openly supporting Sheriff Kanalakis's opponent can

5     form the basis of a 1983 claim. *See Bardzik*, 635 F.3d at 1144.

6          Accordingly, Mr. Kanalakis's motion with regard to Plaintiff's second claim for retaliation

7     under Section 1983 is GRANTED, with leave to amend.

8                2.  Other Defendants

9          The Other Defendants argue that Plaintiff fails to make any specific allegations as to the

10    County and the Sheriff's Department, Sgt. Joe Moses, or Gilbert Aguilar in her second claim for

11    unlawful retaliation under Section 1983.  Other Defs.' Mot. 5.  Plaintiff has agreed to withdraw her

12    claims against the County and the Sheriff's Department.  Pl.'s Opp'n Other Defs.' Mot. 4.

13    Accordingly, the Court DENIES the Other Defendants' motion as MOOT, as it pertains to the

14    County and the Sheriff's Department.

15          As for the individual Defendants, Mssrs. Moses and Aguilar, it is true that Plaintiff has

16    failed to allege that they personally participated in retaliating against Plaintiff beyond allegedly

17    fabricating evidence used to terminate Plaintiff.  FAC ¶ 29.  Furthermore, Plaintiff points the Court

18    to no authority holding that such allegations are sufficient to state a retaliation claim under Section

19    1983.  Accordingly, the Other Defendants' motion is GRANTED with respect to Plaintiff's second

20    claim as pertains to Defendants Moses and Aguilar, with leave to amend.

21    **B.  Plaintiff's Fifth Claim: Invasion of Privacy**

22          Plaintiff's Fifth Cause of Action for "invasion of privacy," alleges that all Defendants sent

23    out public emails disclosing confidential information which should have only been limited to

24    human resources personnel.  FAC ¶ 53.  It is unclear from the FAC whether Plaintiff's fifth claim

25    is based on the California Constitution or California common law.

26          To state a claim for invasion of privacy under the California Constitution, a plaintiff must

27    allege: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the

28    circumstances; and (3) conduct by the defendant constituting a serious invasion of privacy." *Egan*

9

Case No.: 10-CV-05450-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

*v. Schmock*, 93 F. Supp. 2d 1090, 1094 -95 (N.D. Cal. 2000) (citing *Hill v. NCAA*, 7 Cal. 4th 1, 39-40 (1994)).  "The elements of a common law action for invasion of privacy are (1) a public disclosure (2) of private facts (3) which would be offensive and objectionable to a person of ordinary sensibilities."  *Wasson v. Sonoma Cnty. Jr. College Dist.*, 4 F. Supp. 2d 893, 908 (N.D. Cal. 1997) (citing *Forsher v. Bugliosi*, 26 Cal. 3d 792, 808–09 (1980)).

The Other Defendants argue that the County and the Sheriff's Department are immune from tort liability because a public entity has no liability for injury unless provided by statute.  Other Defs.' Mot. 6.  "In general, an immunity provision need not even be considered until it is determined that a cause of action would otherwise lie against the public employee or entity.  Accordingly, the Court looks first to determine whether a claim has been stated against any of the individual defendants for invasion of privacy."  *Wasson*, 4 F. Supp. 2d at 908.

Like the Plaintiff in *Wasson*, Plaintiff here has not pled her common law invasion of privacy with enough specificity to survive a motion to dismiss.  In particular, she has not alleged what Defendants disclosed to the public, nor has she itemized the specific private facts that were disclosed to the public.  *Id.*  To the extent her claim is based on the California Constitution, she has not "specified the material defendants released to the public in enough detail for the Court to determine whether it might conceivably fall within a recognized privacy interest protected by the [California] constitution."  *Id.*  Accordingly, the Court GRANTS Mr. Kanalakis's motion and the Other Defendants' motion as to all Defendants, with leave to amend.[1]

**C.  Plaintiff's Sixth & Seventh Claims: Violations of California Labor Code Sections 1101, 1102, and 1102.5**

Plaintiff appears to concede that her sixth and seventh claims would not survive a motion to dismiss as she voluntarily dismisses those claims against the individual Defendants and offers to

---

[1] Because the Court finds that Plaintiff failed to plead her privacy claim(s) with enough specificity, the Court declines to address the Other Defendants' immunity arguments at this time.  The Court notes, however, that the U.S. District Court for the Eastern District of California, without extensive analysis, concluded that Cal. Gov't Code 815 and 815.6 barred a suit against a public entity for violation of California's constitutional right of privacy.  *See Scott v. Solano Cnty. Health and Soc. Servs. Dep't*, 06-CV-1216-LKK/EFB, 2008 WL 3835267, at *18 (E.D. Cal. Aug 15, 2008) (citing *Operating Eng'rs Local 3 v. Johnson*, 110 Cal. App. 4th at 184).  Therefore, if Plaintiff does amend her complaint, she should be prepared to address this case in the future.

Case No.: 10-CV-05450-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

1   amend her claims under California Labor Code sections 1101, 1102, and 1102.5, to limit them

2   "solely to her employer."  Opp'n to Other Defs.' Mot. 9.  Accordingly, the Court DENIES Mr.

3   Kanalakis's and the Other Defendants' motion as to individual Defendants as MOOT.  As the FAC

4   does not allege any wrongdoing as to the County and the Sheriff's Department with regard to

5   Plaintiff's sixth and seventh claims, the Court GRANTS the Other Defendants' motion as to the

6   County and the Sheriff's Department, with leave to amend.

7   **D. Plaintiff's Eighth Claim: Intentional Infliction of Emotional Distress ("IIED")**

8            Plaintiff alleges that Defendants engaged in extreme and outrageous conduct by retaliating

9   against Plaintiff for her participation in a statutorily protected activity.  FAC ¶ 69.  Plaintiff

10  emphasizes the alleged conspiracy between Defendants Lurz, Moses, Aguilar, and Richards to

11  fabricate evidence to terminate Plaintiff.  Pl.'s Opp'n to Other Defs.' Mot. 8; FAC ¶¶ 29-32.

12           Under California law, the tort of IIED comprises three elements: (1) extreme and

13  outrageous conduct by the defendant with the intention of causing, or reckless disregard of the

14  probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional

15  distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's

16  outrageous conduct."  *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (Cal. Ct. App. 1998).  The

17  alleged outrageous conduct "must be so extreme as to exceed all bounds of that usually tolerated in

18  a civilized community."  *Id.*  Misconduct causing severe emotional distress generally does not give

19  rise to an IIED claim when such misconduct occurs in the employer-employee relationship, unless

20  the misconduct violates public policy.  *Singh v. Southland Stone*, 186 Cal. App. 4th 338, 368

21  (2010); *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. App. 4th 876, 902-03 (2007); *see also Faurie*

22  *v. Berkeley Unified School Dist.*, 08-CV-0060-TEH, 2008 WL 820682, at *12 (N.D. Cal. 2008)

23  (citing *Murray v. Oceanside Unified School Dist.*, 79 Cal. App. 4th 1338, 1362-63 (Cal. Ct. App.

24  2000)).

25           The Other Defendants argue this claim should be dismissed as to all Defendants for

26  uncertainty and as to the public entities because "all governmental tort liability must be based on

27  statute."  Other Defs.' Mot. 8.  Defendant Kanalakis argues that worker's compensation is the

28  exclusive remedy for any physical or emotional injuries that occur in the normal course of an

11

1   employer-employee relationship.  Kanalakis's Mot. 12 (citing *Miklsoy*, 44 Cal. 4th 121 (2007);

2   *Singh*, 186 Cal. App. 4th 338 (2010)).  Defendant Kanalakis further argues that Plaintiff fails to

3   plead sufficient facts establishing that any misconduct was "outrageous" or that any outrageous

4   conduct by Kanalakis caused Plaintiff's injuries.  *Id.* at 14-15.

5          The Court agrees that Plaintiff has failed to plead sufficient facts to support her claim for

6   intentional infliction of emotional distress.  Plaintiff has not alleged any facts indicating that she

7   suffered "severe or extreme emotional distress."  Nor does Plaintiff identify which, if any

8   Defendants, harassed, ostracized, or shunned Plaintiff; sent Plaintiff excessive emails; took

9   Plaintiff's property off her desk; excluded Plaintiff from office conversations and activities; or

10  made Plaintiff work over the Christmas Holiday for two years in a row.  FAC ¶¶ 16-17.  Therefore,

11  it is impossible to discern whether any particular Defendant's conduct was so extreme as to exceed

12  all bounds tolerated in a civilized society.  Moreover, while certain conduct may seem extreme and

13  outrageous to Plaintiff, in any amended complaint, Plaintiff must demonstrate that any alleged

14  conduct forming the basis for a claim for intentional infliction of emotional distress was objectively

15  extreme and outrageous to society.  *Wootten v. BAC Home Loans Servicing*, *LP*, No. 10-CV-

16  04946-LHK, 2011 WL 500067, at *7 (N.D. Cal. 2011).

17         Accordingly, the Court GRANTS, as to all Defendants and with leave to amend, Defendant

18  Kanalakis's and the Other Defendants' motion with respect to Plaintiff's eighth claim for

19  intentional infliction of emotional distress.[2]

20  **E.  Plaintiff's Ninth & Tenth Claims: 42 U.S.C. §§ 1985, 1986**

21         Plaintiff's brings his ninth and tenth claims, for conspiracy to interfere with civil rights and

22  neglect to prevent interference with civil rights, against only Defendants Lurz, Richards, Moses,

23  and Aguilar.  FAC ¶¶ 73-80.

24         To state a claim for conspiracy to interfere with civil rights under § 1985(3), a plaintiff

25  must allege four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or

26  indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges

---

[2] Because the Court finds that Plaintiff has failed to plead sufficient facts, the Court does not reach
Defendants' arguments based on the exclusivity of the worker's compensation remedy and
immunity under Cal. Gov't Code.

Case No.: 10-CV-05450-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

*United States District Court*
*For the Northern District of California*

1   and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a

2   person is either injured in his person or property or deprived of any right or privilege of a citizen of

3   the United States.  Further, the second of these four elements requires that in addition to identifying

4   a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by

5   'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the

6   conspirators' action.'"  *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting

7   *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971)).  Courts have held consistently that

8   whistleblower status does not support a § 1985 claim.  *See Wells v. Bd. of Trustees of Cal. State*

9   *Univ.*, 393 F. Supp. 2d 990, 997-98 (N.D. Cal. 2005) (citing *Childree v. UAP/GA AG Chem, Inc.*,

10  92 F.3d 1140, 1146-47 (11th Cir. 1996); *Hicks v. Resolution Trust Corp.*, 970 F.2d 378, 382 (7th

11  Cir. 1992); *Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1153 (8th Cir. 1986); *Buschi v.*

12  *Kirven*, 775 F.2d 1240, 1258 (4th Cir. 1985); *McEvoy v. Spencer*, 49 F. Supp. 2d 224, 227

13  (S.D.N.Y.1999)).

14       Plaintiff bases her ninth and tenth claims on the alleged conspiracy between Defendants

15  Lurz, Richard, Moses, and Aguilar, to fabricate evidence used to terminate Plaintiff.  *See* FAC ¶

16  74-76; *see also id.* ¶¶ 29-30.  Plaintiff alleges that this conspiracy was motivated by Plaintiff's

17  "protected classification as a woman and a whistleblower."  FAC ¶ 77.  To the extent Plaintiff's

18  ninth and tenth claims are based on her alleged protected classification as a whistleblower, they

19  fail.  *Wells*, 393 F. Supp. 2d at 998.  To the extent that they are based on her alleged protected

20  classification as a woman, they fail because Plaintiff has not alleged any facts that allow a

21  reasonable inference that there was a gender-based "invidiously discriminatory animus behind the

22  conspirators' action."  *Sever*, 978 F.2d at 1536.  The facts in the FAC that Plaintiff argues support

23  an inference of gender-based animus—that Commander Teeter's conduct was "gender specific

24  when he 'ordered her to take a barrette out of her hair and comb though her hair' since generally,

25  women wear barrettes in their hair"—are insufficient because they do not relate to the alleged

26  conspiracy to fabricate evidence and they fail to show that Defendants Lurz, Richards, Moses or

27  Aguillar, the only Defendants subject to Plaintiff's ninth and tenth claims, were motivated by

28  gender-based animus.

13

1    Accordingly, the Other Defendants' motion to dismiss Plaintiff's ninth claim is

2    GRANTED, with leave to amend.  "Because Plaintiff has not pled a valid claim under § 1985, she

3    has also failed to plead a § 1986 claim."  *Jones v. Non Profits United*, 10-CV-4252-EDL, 2011 WL

4    724701, at * 4 (N.D. Cal. 2011) (citing *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1040 (9th Cir.

5    1990).  Accordingly, the Other Defendant's motion to dismiss Plaintiff's tenth claim is also

6    GRANTED, with leave to amend.

7    **IV.  Conclusion**

8    For the foregoing reasons Defendant Kanalakis's motion to dismiss is GRANTED, with

9    leave to amend.

10   The Other Defendants' motion is GRANTED in part, with leave to amend, and DENIED in

11   part as follows:

12   Claim 2:  DENIED in part as MOOT as to the County and the Sheriff's Department;

13   GRANTED in part, with leave to amend, as to Defendants Moses and Aguilar.

14   Claim 5:  GRANTED, with leave to amend.

15   Claims 6 & 7:  DENIED as MOOT as to individual Defendants; GRANTED as to County

16   and Sheriff's Department, with leave to amend.

17   Claim 8:  GRANTED, with leave to amend.

18   Claim 9: GRANTED, with leave to amend.

19   Claim 10: GRANTED, with leave to amend.

20   Because Plaintiff has either withdrawn her claims or the Court has granted the Other

21   Defendants' motion to dismiss, with leave to amend, the Court DENIES as MOOT the Other

22   Defendants' alternative request for a more definite statement.

23

24   **IT IS SO ORDERED.**

25

26   Dated: September 23, 2011

*Lucy H. Koh*

27                                                                          LUCY H. KOH
                                                                           United States District Judge
28

Case No.: 10-CV-05450-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS

United States District Court
For the Northern District of California